# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *   *
                                    *
DOE NO. 1,                          *
                                    *
           Plaintiff,               *
                                    *   No. 24-1349C
      v.                            *   Filed: February 23, 2025
                                    *
UNITED STATES,                      *
                                    *
           Defendant.               *
                                    *
* * * * * * * * * * * * * * * * *   *
```

### O R D E R

The court is in receipt of the plaintiff's motion to proceed with her case under a pseudonym, and to proceed under the caption, "<u>Doe No. 1. v. United States</u>," as the case is presently titled. Defendant opposes plaintiff's motion to proceed under a pseudonym. Plaintiff alleges that she was the victim of "violent rape" while a minor at the age of seventeen and alleges that she also was victim of a "violent physical assault by a fellow Airman," when she was in military service, which was subsequently "classified as a Military Sexual Trauma ('MST')." Plaintiff alleges the rape and assault have left "Plaintiff with substantial psychological harm." She alleges that "if required to pursue her claims under her proper name, Plaintiff would suffer additional trauma." Plaintiff's motion explains plaintiff was diagnosed by Dr. Thomas Green, an Air Force psychiatrist, as suffering from Post-Traumatic Stress Disorder (PTSD), who "specifically linked the diagnosis" to the earlier rape, and by Dr. Maisley J. Paxton, a psychologist in the VA Trauma Services Program, who also "formally assessed Ms. Doe for PTSD," based on the earlier rape and the Air Force assault. Plaintiff's motion reflects that plaintiff also has been diagnosed with depression and anxiety, suffers from "reporting racing thoughts, morbid ideation, distressing dreams and concern for her own safety" and has undergone multiple hospitalizations related to conditions arising from effects of her rape and sexual assault.

Surprisingly, defendant argues in response that plaintiff's alleged harms "are not the kind of unusual, severe, or extraordinary harms sufficient to justify proceeding under pseudonym." Although defendant asserts that plaintiff does not assert any fear of specific retaliation resulting from being named publicly, plaintiff's filings have plainly asserted the impacts of her traumas and the fear of additional trauma after two unwanted sexual encounters, albeit without specific support. Moreover, although defendant suggests any harm can be handled by appropriate redaction, defendant opposes redaction of plaintiff's name from the caption and the court filings, which would clearly identify her and redaction would be difficult to accomplish when describing her medical history when an Opinion is issued in her case.

Although acknowledging that Rule 10(a) of the Rules of the United States Court of Federal Claims states that the "title of the complaint must name all the parties," RCFC 10(a) (2024), "the right to inspect and copy judicial records is not absolute," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978), and "access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 599. A number of United States Court of Federal Claims cases have adopted balancing tests such as: the severity of the threatened harm, the reasonableness of the party's fears versus prejudice to the public interest. See Boggs v. United States, 143 Fed. Cl. 508, 511 (2019); Doe No. 1 v. United States, 143 Fed. Cl. 238, 240 (2019); Whalen v. United States, 80 Fed. Cl. 685, 691 (2008).

In Doe No. 1 v. United States, a Judge of the United States Court of Federal Claims explained:

> In assessing the weight of a plaintiff's privacy interest in proceeding anonymously, courts generally conclude that a threat of physical or psychological harm is sufficiently severe. See, e.g., Doe v. Ayers, 789 F.3d 944 (9th Cir. 2015) (inmate's presenting evidence of past assault in habeas proceeding exposed him to risk of further assault). But that threat cannot be "speculative" or "unsubstantiated." Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014). A reasonable person must believe that the risk of harm could materialize. Advanced Textile, 214 F.3d at 1071.

Doe No. 1 v. United States, 143 Fed. Cl. at 240–41. Another Judge of United States Court of Federal Claims explained that victims of rape and sexual assault are "particularly vulnerable" to psychological harm. See Boggs v. United States, 143 Fed. Cl. at 514 (citing Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 64 (D.D.C. 2019) (explaining that "courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault on the basis that they concern highly sensitive and personal subjects"). The current case before the court presents a case such as described in Doe 1 v. George Washington University.

Balancing the interests and arguments offered by both parties, the court finds that plaintiff has alleged sufficient grounds in her verified complaint that she has suffered significantly from the effects of the rape and sexual assault to which she was a victim and defendant has not demonstrated, or offered arguments to the court, that this is not one of those cases in which allowing plaintiff to proceed using a pseudonym should be denied. The court, therefore, **GRANTS** plaintiff's request to proceed with her case using a pseudonym instead of her actual name.

The court also is in receipt of the parties' "Joint Motion to Stay All Proceedings." The parties' motion requests "that the Court stay all proceedings in this case for 60 days,

through and including April 14, 2025, to provide the parties time to negotiate a possible settlement." The motion states:

> As indicated in the United States' prior motion to modify the scheduling order, the parties have agreed to discuss whether a settlement may be possible in this case. Plaintiff's counsel provided an initial set of proposed settlement terms on February 6, 2025. The United States reviewed those terms, and counsel for the United States provided a response on February 13, 2025. Although the parties have not yet reached agreement, the progress of discussions to-date make both parties optimistic that a negotiated resolution may be possible in this case. The parties request that the Court stay all proceedings for 60 days to allow the parties to focus their efforts on continuing their discussions and obtaining the necessary approvals for any future agreement. A stay would avoid expending additional judicial resources and party resources on this matter, which would become unnecessary if the parties can reach a settlement. For these reasons, we respectfully request that the Court grant this motion and stay all proceedings in this case for 60 days, through and including April 14, 2025.

(internal reference omitted). The parties' joint motion for a stay is **GRANTED**. The above captioned case is **STAYED** until **Monday, April 14, 2025**. If the parties have not filed a stipulation of dismissal, on or before **Monday, April 14, 2025**, the parties shall file a joint status report reflecting the status of the parties' settlement discussions on that date.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**